UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| LIGURIA FOODS, INC., | ) |
| | ) |
| Plaintiff, | ) Case No. 2014 cv 03041 |
| | ) |
| GRIFFITH LABORATORIES, INC, | ) |
| | ) |
| Defendant. | ) |

**LIGURIA FOODS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
CERTAIN AFFIRMATIVE DEFENSES**

Plaintiff Liguria Foods, Inc. ("Liguria"), by and through its undersigned counsel, and for its Memorandum in Support of Motion to Strike Certain Affirmative Defenses, states as follows:

## I. INTRODUCTION

This lawsuit involves Liguria's claims that Griffith Laboratories, Inc. ("Griffith") breached implied warranties with respect to certain food additive products it sold to Liguria. Liguria filed its Complaint on July 3, 2014. After securing an unopposed extension of time in which to answer or otherwise plead, Griffith filed its Answer on August 29, 2014. Griffith's Answer included nine (9) Affirmative Defenses. Liguria now moves to strike Griffith's First, Second, Fifth, Seventh, Eighth and Ninth Affirmative Defenses.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 12(f) provides that the Court may strike from any pleading any insufficient defense or redundant, immaterial, impertinent or scandalous matter. Fed. R. Civ. P. 12(f). A motion to strike should be granted if "it may have the effect of making the trial of the action less complicated, or [it] may have the effect of otherwise streamlining the ultimate resolution of the action." *Crow v. Wolfpoff & Abramson*, 2007 WL 1247393 (D. Minn. Apr. 19, 2007) quoting *United States v. Dico, Inc.*, 189 F.R.D. 536, 541 (S.D. Iowa 1999). A

Rule 12(f) motion serves to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sony Pictures Entm'.t, Inc. v. Fireworks Entm't. Group, Inc.*, 156 F. Supp. 2d 1148, 1154 (C.D. Cal. 2001).

A defense is properly stricken if it is insufficient as a matter of law. *EEOC v. First Nat'l Bank of Jackson*, 614 F.2d 1004 (5th Cir. 1980). A defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Based on the foregoing, the Court should strike the following affirmative defenses.

### III. ARGUMENT

#### A. Affirmative Defense No. 1 (Failure to State a Claim) Should be Stricken.

For its First Affirmative Defense, Griffith states that Liguria's Complaint fails to state a claim upon which relief may be granted. (Aff. Def. No. 1.) Griffith fails to allege any facts which might support this legal conclusion. Further, "failure to state a claim is not a proper affirmative defense, but, rather, asserts a defect in Plaintiff's prima facie case." *See Lemery v. Duroso*, 2009 WL 1684692, at * 3 (E.D. Miss. June 16, 2009); *see also Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."). For these reasons, Griffith's Affirmative Defense No. 1 should be stricken.

#### B. Affirmative Defense No. 2 (Equitable Defenses) Should be Stricken.

For its Second Affirmative Defense, Griffith states that Liguria's claims should be dismissed "pursuant to the equitable doctrines of estoppel, laches and unclean hands." (Aff. Def.

2

No. 2.) Griffith fails to provide any accompanying allegations that: (i) might put Liguria on notice as to how these defenses are alleged to bar relief, or (ii) support the elements of those defenses.

Griffith fails to allege facts giving rise to estoppel, laches and unclean hands, and thus fails to provide fair notice to Liguria of the basis for these claimed defenses. *See Moore v. BASF Corp.*, 2012 WL 4794319, at * 2 (E.D. La. Oct. 9, 2012) (striking conclusory defenses of estoppel and waiver as inadequately pled); *see also Woodfield*, 193 F.3d at 362 ("baldly 'naming' the broad affirmative defenses ... falls well short of the minimum particulars needed to identify the affirmative defense."); *Software Publishers Assoc. v. Scott & Scott, LLP*, 2007 WL 2325585, at * 2 (N.D. Tex. Aug. 15, 2007) ("the defendants' bald assertions that the plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and ratification, by the doctrine of laches,' do not provide [plaintiff] with fair notice of the defenses being advanced."); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006) ("Laches, waiver, estoppel and unclean hands are equitable defenses that must be pled with the specific elements required to establish the defense."). Griffith's general invocation of these various equitable defenses is inadequate and thus, the Second Affirmative Defense should be stricken.

### C. Griffith's Fifth Affirmative Defense (Statutes of Limitation and Repose) Should be Stricken.

For its Fifth Affirmative Defense, Griffith summarily states that Liguria's claims and/or causes of action are barred, in whole or in part, by the applicable statutes of limitations and/or repose. (Aff. Def. No. 5.) Liguria's Complaint is comprised of two (2) causes of action alleging claims for breach of implied warranty of merchantability and implied warranty of fitness for a particular purpose. Both causes of action are subject to a five (5) year statute of limitations.

3

*Richards v. Midland Brick Sales Co., Inc.*, 551 N.W.2d 649, 652 (Iowa Ct. App. 1996); Iowa Code § 614.1(4) (1993). Here, Liguria alleges, *and Griffith admits*, that in 2013 it notified Griffith of complaints Liguria began receiving with respect to its products in late 2012 and 2013. (Compl., at ¶ 22 and Answer thereto.) Liguria brought suit on July 3, 2014, well within the five (5) year statute of limitations applicable to its claims. In light of Griffith's admission of the allegations of paragraph 22 of the Complaint, and the absence of any allegations supporting its Fifth Affirmative Defense, Griffith offers no basis for the Court to conclude that it has sufficiently invoked this defense. For these reasons, Griffith's Fifth Affirmative Defense should be stricken.

### D. Griffith's Seventh (Preemption by Federal Law) and Eighth (Compliance with Applicable Statutes) Affirmative Defenses Should be Stricken.

For its Seventh Affirmative Defense, Griffith states that Liguria's claims "may be barred in whole or in part and/or preempted by *applicable federal law*, with which Griffith complied." (Aff. Def. No. 7) (Emphasis added.) In its Eighth Affirmative Defense, Griffith alleges that it "complied with all relevant applicable federal and state statutes and administrative regulations existing at the time of the events at issue in Liguria's Complaint." (Aff. Def. No. 8.)

Griffith fails to identify: (i) the federal law allegedly applicable to its preemption defense, or (ii) the federal and state statutes and administrative regulations with which it allegedly complied, and which purportedly serve to bar Liguria's implied warranty claims. These defenses are conclusory and inadequately plead. *See Lemery v. Duroso*, 2009 WL 1684692, at * 3 (E.D. Mo. June 16, 2009 ("Defendants cannot rely on their legal conclusion that Plaintiff's cause of action is preempted."). In *Lemery*, the court struck a preemption defense that at least identified a specific federal statute alleged to give rise to preemption, yet failed to explain why state law claims would be preempted. *Id.* Here, Griffith does not even set forth the applicable federal or

state laws with which it allegedly complied, and which is alleged to have a preemptive effect. Nor does Griffith allege any facts suggesting how its compliance with federal or state law has any relevance to Liguria's implied warranty claims. This lack of detail renders the defenses plainly inadequate. *See Moore*, 2012 WL 4794319, at * 3 (striking preemption defense which did not "identify the applicable state or federal statutes or provide a factual basis for the application of any legal provision."). Accordingly, Griffith's Seventh and Eight Affirmative Defenses should be stricken.

### E. Griffith's Ninth Affirmative Defense (Failure to Join Indispensable Parties) Should be Stricken.

For its Ninth Affirmative Defense, Griffith states that Liguria's Complaint should be dismissed in its entirety for its failure "to join necessary and indispensable parties." (Aff. Def. No. 9.) Griffith's conclusory defense does not identify the allegedly necessary and indispensable parties, or even identify the role such parties are believed to have played which gives rise to their indispensable nature. As such, the defense is wholly inadequate. *See Hammer v. Peninsula Poultry Equip. Co., Inc.*, 2013 WL 97398, at * 7 (D. Md. Jan. 8. 2013) (striking defense of failure to join necessary party based on failure to identify or describe the party required to be joined); *see also* Fed R. Civ. Pro. App, Form 30 (providing that failure to join a necessary party defense should identify the name of the party required to be joined, the party's citizenship, if known, and a statement as to the impact on the court's jurisdiction were the party to be joined). For these reasons, Griffith's Ninth Affirmative Defense should be stricken.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff Liguria Foods, Inc. respectfully requests the Court enter an Order striking Griffith Laboratories, Inc.'s First, Second, Fifth, Seventh, Eighth and Ninth Affirmative Defenses and for any other relief this Court deems appropriate.

Date: September 19, 2014                    Respectfully Submitted,


                                            **LIGURIA FOODS, INC.**



                                            By:   /s/ Jeffery M. Heftman
                                                  One of Its Attorneys

                                            David L. Reinschmidt, Esq.
                                            **MUNGER, REINSCHMIDT & DENNE, L.L.P.**
                                            Suite 303, Terra Centre
                                            600 4th Street
                                            P.O. Box 912
                                            Sioux City, Iowa 51102
                                            Tel.: (712) 233-3635
                                            Facsimile: (712) 233-3649

                                            Rick A. Del Giudice, Esq.
                                            Jeffery M. Heftman, Esq.
                                            **GOZDECKI, DEL GIUDICE, AMERICUS,**
                                            **FARKAS & BROCATO LLP**
                                            One East Wacker Drive, Suite 1700
                                            Chicago, IL 60601
                                            Telephone: (312) 782-5010
                                            Facsimile: (312) 782-4324

## CERTIFICATE OF SERVICE

I, Jeffery M. Heftman, an attorney, hereby state under oath that I caused a copy of **Liguria Foods, Inc.'s Memorandum in Support of Motion to Strike Certain Affirmative Defenses** to be filed and served electronically with the U.S. District Court, Northern District of Iowa e-filing system (CM/ECF). Notice of this filing will be sent to all counsel of record by operation of the e-filing system (CM/ECF).

/s/Jeffery M. Heftman