**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| LIGURIA FOORS, INC.,<br><br>　　　　　Plaintiff,<br>vs.<br>GRIFFITH LABORATORIES, INC.,<br><br>　　　　　Defendant. | No. C14-3041-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES** |

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION AND BACKGROUND..............................................2*

*II.  LEGAL ANALYSIS ..........................................................................4*
　*A.　Rule 12(f) Standards ..............................................................4*
　*B.　Analysis Of The Challenged Defenses......................................7*
　　*1.　First affirmative defense-failure to state a claim...................7*
　　*2.　Second affirmative defense-equitable defenses .....................8*
　　*3.　Fifth affirmative defense-statute of limitations or
　　　　repose...............................................................................9*
　　*4.　Seventh and eighth affirmative defenses-preemption
　　　　by federal law/compliance with applicable statutes ...............10*
　　*5.　Ninth affirmative defense-failure to join
　　　　indispensable parties.........................................................11*

*III. CONCLUSION ...............................................................................12*

# I. INTRODUCTION AND BACKGROUND

On July 3, 2014, Liguria Foods, Inc. ("Liguria") filed this action, against Griffith Laboratories Inc. ("Griffith"), asserting claims for breach of implied warranty for a particular purpose (Count I) and breach of implied warranty of merchantability (Count II). Liguria, a manufacturer of pepperoni and other dried sausages, alleges that Griffith, a manufacturer of seasonings and spice blends for use in the food industry, sold it "spice blocks," for its pepperoni products, which failed to provide the appropriate amounts of antioxidant preservatives. As a result, Liguria alleges that its pepperoni products discolored and spoiled prematurely, causing Liguria to sustain substantial losses.

On August 29, 2014, after obtaining an extension, Griffith filed its answer, denying Liguria's claims. More importantly, for present purposes, Griffith asserted several affirmative defenses, including the following:

**First Affirmative Defense**

**(Failure to State a Claim)**

1. Liguria's Complaint fails to state a claim upon which relief may be granted and therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Second Affirmative Defense**

**(Equitable Defenses)**

2. Liguria's claims should be dismissed pursuant to the equitable doctrines of estoppel, laches and unclean hands.

. . .

### Fifth Affirmative Defense

### (Statutes of Limitations and Repose)

5. Liguria's claims and/or causes of action are barred, in whole or in part, by the applicable statutes of limitation and/or repose.

. . .

### Seventh Affirmative Defense

### (Preemption by Federal Law)

7. Liguria's claims against Griffith may be barred in whole or in part and/or preempted by applicable federal law, with which Griffith complied.

### Eighth Affirmative Defense

### (Compliance with Applicable Statutes)

8. Griffith complied with all relevant applicable federal and state statutes and administrative regulations existing at the time of the events at issue in Liguria's Complaint.

### Ninth Affirmative Defense

### (Failure to Join Indispensable Parties)

9. The Complaint and all claims for relief therein should be dismissed on the ground that Liguria may have failed to join necessary and indispensable parties.

Griffith's Answer at 13-16.

On September 19, 2014, Liguria filed its motion to strike certain affirmative defenses (docket no. 14). In its motion, Liguria moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike Griffith's first, second, fifth, seventh, eighth, and ninth affirmative defenses. Griffith filed its response to Liguria's motion on October 9, 2014. Griffith asserts that Liguria's motion is premature since no discovery has taken place yet

in the case and it is entitled to factually develop each of its affirmative defenses. Liguria then filed a timely reply brief in support of its motion.

## II. LEGAL ANALYSIS
### A. *Rule 12(f) Standards*

As I have explained,

> Rule 12 of the Federal Rules of Civil Procedure . . . provides for a motion to strike, as follows:
>
>> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>>
>>> **(1)** on its own; or
>>>
>>> **(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.
>
> FED.R.CIV.P. 12(f). In ruling on a Rule 12(f) motion, the court "enjoy[s] liberal discretion," and its ruling is reviewed only for abuse of that discretion. *See BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir.2007); *Nationwide Ins. Co. v. Central Missouri Elec. Coop., Inc.*, 278 F.3d 742, 748 (8th Cir.2001); *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir.2000); *Chock v. Northwest Airlines, Inc.*, 113 F.3d 861, 863–64 n. 3 (8th Cir.1997). The rule embodies this discretion, because it is cast in permissive terms ("the court may act …") rather than mandatory terms. Fed.R.Civ.P. 12(f); *see also Stanbury*, 221 F.3d at 1063 ("Because the rule is stated in the permissive, however, it has always been understood that the district court enjoys 'liberal discretion' thereunder."). The Eighth Circuit Court of Appeals has also recognized that, "[d]espite this broad

4

> discretion … striking a party's pleadings is an extreme measure, and, as a result, we have previously held that '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Stanbury*, 221 F.3d at 1063 (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977), in turn citing 5 Wright & Miller, Federal Practice and Procedure: Civil § 1380 at 783 (1969)); *accord BJC Health Sys.*, 478 F.3d at 917 (citing *Stanbury*). Applying these standards, the Eighth Circuit Court of Appeals has ruled that even matters that are not "strictly relevant" to the principal claim at issue should not necessarily be stricken, if they provide "important context and background" to claims asserted or are relevant to some object of the pleader's suit. *Id*.

*Holt v. Quality Egg, L.L.C.*, 777 F. Supp. 2d 1160, 1168-69 (N.D. Iowa 2011) (footnotes omitted). Furthermore,

> the court should not strike a defense as "legally insufficient" if the defense is either "'sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.'" *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (quoting 2A Moore's Federal Practice ¶ 12.21 at 2437 (2d ed. 1975)). Therefore, the Eighth Circuit Court of Appeals has been "reluctant to rule" on the sufficiency of a defense that presents either legal or factual uncertainty "without the benefit of a full record." *Id*. On the other hand, the court may properly strike a defense under Rule 12(f) as "legally insufficient," if it is foreclosed by prior controlling decisions or statutes. *See United States v. Dico, Inc.*, 266 F.3d 864, 879–80 (8th Cir. 2001) (the district court properly struck a due process affirmative defense on the ground that it was foreclosed by a prior decision of the Eighth Circuit Court of Appeals and a subsequent decision of the United States Supreme Court had not undermined the appellate court's decision, as the defendant argued); *United States v. Winnebago Tribe of Nebraska*, 542 F.2d 1002, 1007 (8th Cir.

5

1976) (a defense was "clearly insufficient" where it was contrary to provisions of the Flood Control Act of 1944).

*Holt*, 777 F. Supp. 2d at 1169 n.5; *accord F.D.I.C. v. Dosland*, 298 F.R.D. 388, 392-93 (N.D. Iowa 2013); *International Motor Contest Ass'n, Inc. v. Staley*, 434 F. Supp. 2d 650, 662 (N.D. Iowa 2006).[1] Keeping these standards in mind, I will consider the

---

[1] Liguria does not contend that the *Iqbal/Twombly* heightened pleading standard applies to Griffith's affirmative defenses. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that to survive a motion to dismiss, a complaint must "state a claim to relief that is *plausible* on its face") (emphasis added); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Eighth Circuit Court of Appeals has yet to decide whether the heightened *Iqbal/Twombly* standard applies to affirmative defenses. Federal district courts are divided on the question. *Compare Sarkis' Café, Inc. v. Sarks in the Park, L.L.C.*, --- F. Supp.2d ---, 2014 WL 3018002, at * (N.D. Ill. July 3, 2014); *Long v. Welch & Rushe, Inc.*, --- F .Supp.2d ---, 2014 WL 2963975, at *11 (D. Md. June 30, 2014); *Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 97 (D.N.J. 2014); *Shaw v. Prudential Ins. Co. of Am.*, No. 10–CV–3355, 2011 WL 5920912 (W.D. Mo. Nov. 28, 2011); *United States v. Brink*, No. C-10-243, 2011 WL 835828, at *3 (S.D. Tex. Mar.4, 2011); *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 233 (E.D.N.C. 2010; *EEOC v. Hibbing Taconite Co.*, 266 F.R.D. 260, 267–68 (D. Minn. 2009) (all applying the *Iqbal/Twombly* heightened pleading standard to the pleading of an affirmative defense), with *United States ex. Rel. Parikh v. Citizens Med. Ctr.*, --- F.R.D. ---, 2014 WL 4364875, at *2 (S.D. Tex. Sept. 3, 2014); *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 490 (S.D. Cal. 2013); *Strauss v. Centennial Precious Metals, Inc.*, 291 F.R.D. 338, 343 (D. Neb. 2013); *Roe v. City of San Diego*, 289 F.R.D. 604, 609 (S.D. Cal. 2013); *Hayden v. United States*, No. 4:12 CV 2030 DDN, 2013 WL 5291755, *3 (E.D. Mo. Sept. 19, 2013); *Bayer CropScience AG v. Dow AgroSciences LLC*, 2011 WL 6934557, at *1–2 (D. Del. Dec. 30, 2011); *CitiMortgage, Inc. v. Draper & Kramer Mortgage Corp.*, No. 4:10CV1784, 2012 WL 3984497 (E.D. Mo. Sept. 11, 2012); *U.S. Bank Nat'l Ass'n v. Education Loans Inc.*, Civ. No. 11–1445, 2011 WL 5520437 (D. Minn. Nov. 14, 2011); *Ash Grove Cement Co. v. MMR Constructors, Inc.*, No. 4:10–CV–4069, 2011 WL 3811445 (W.D. Ark. Aug. 29, 2011); *Wells Fargo & Co. v. United States*, 750 F.Supp.2d 1049 (D. Minn. 2010); *Holdbrook v. SAIA Motor Freight Line,*

parties' arguments for and against striking the six affirmative defenses objected to by Liguria.

### B. Analysis Of The Challenged Defenses
#### 1. First affirmative defense-failure to state a claim

On its First Affirmative Defense, Griffith claims that Liguria's Complaint fails to state a claim upon which relief might be granted. Liguria argues that Griffith fails to allege any facts which might support this defense. Liguria also argues that failure to state a claim is not a properly asserted affirmative defense, but rather an assertion of a defect in its case. Griffith does not address Liguria's arguments but, instead, contends that this defense is entitled to additional factual development.

"A defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense." *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir.1988); *accord Tomason v. Stanley*, 297 F.R.D. 541, 546 (S.D. Ga. 2014); *Biscayne Cove Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 951 F. Supp.2d 1292, 1305 (S.D. Fla. 2013); *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F.Supp.2d 1322, 1328 (S.D. Fla. 2011). Thus, Griffith's First Affirmative Defense is not an affirmative defense because failure to state a claim "is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiffs valid *prima facie* case." *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp.2d 1283, 1292 (S.D. Fla.

---

*LLC*, No. 09-cv-02870-LTB-BNB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010) (all applying only the fair notice standard to the pleading of an affirmative defense). As I explained last year, in declining to apply the *Iqbal/Twombly* heightened pleading standard to affirmative defenses, "even in the case of affirmative defenses that are based on 'bare bones conclusory allegations,' the appropriate procedure for clarification of the factual bases for affirmative defenses is discovery, and the appropriate procedure for challenging the factual sufficiency of affirmative defenses is ordinarily a motion for summary judgment." *Dosland*, 298 F.R.D. at 394.

7

2007); *see, e.g.*; *Biscayne Cove Condo. Ass'n, Inc.*, 951 F. Supp.2d at 1305; *F.T.C. v. Johnson,* No. 2:10–cv–002203, 2013 WL 4039069, at *3 (D. Nev. Aug. 5, 2013); *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F. Supp.2d 1167, 1174 (N.D. Cal. 2010). *But see SEC v. Toomey*, 866 F. Supp. 719, 723 (S.D.N.Y. 1992) ("[T]he failure-to-state-a-claim defense is a perfectly appropriate affirmative defense."). Nonetheless, Griffith is entitled to assert the substance of this defense in its Answer. *See* FED. R. CIV. P. 12(b)(6). In this situation, other courts have acknowledged that while failure to state a claim is not an affirmative defense, it may nonetheless be treated as a denial. *See Tomason*, 297 F.R.D. at 546; *Biscayne Cove*, 951 F. Supp. at 1305. Therefore, I deny this portion of Liguria's motion to strike and will treat this defense as a denial.

### 2. *Second affirmative defense-equitable defenses*

Liguria has also moved to strike Griffith's second affirmative defense, which is that "Liguria's claims should be dismissed pursuant to the equitable doctrines of estoppel, laches and unclean hands."[2] Griffith's Answer at 13. Liguria argues that Griffith fails to allege any facts which would support these equitable defenses and, thus, fails to provide Liguria with the bases for these defenses. Griffith responds that these defenses are sufficiently raised for purposes of Rule 8 by their bare assertion. Griffith also contends Liguria's motion is premature because Griffith is entitled to factual development of these defenses through discovery.

---

[2] The United States Supreme Court has explained the unclean hands defense is "a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.*, 324 U.S. 806, 814 (1945); *see E.E.O.C. v. Hibbing Taconite Co.*, 266 F.R.D. 260, 269 (D. Minn. 2009) ("Unclean hands is an equitable defense which prevents a party from maintaining a suit in equity.").

I conclude that Griffith has pled these defenses adequately. Although stated in a conclusory manner, Griffith's Answer puts Liguria on notice that it will pursue these defenses. Liguria, however, contends that Griffith has failed to plead facts which would support these defenses. I conclude that such a heightened pleading requirement is incongruous with the concept of notice pleading, as well as the instruction that pleadings "must be construed so as to do justice." FED. R. CIV. P. 8(e). Moreover, the Eighth Circuit Court of Appeals has made it clear that affirmative defenses "need not be articulated with any rigorous degree of specificity" and are "sufficiently raised for purposes of Rule 8 by [their] bare assertion." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997). Therefore, I deny this portion of Liguria's motion.

### 3. *Fifth affirmative defense-statute of limitations or repose*

Griffith alleges for its fifth affirmative defense that "Liguria's claims and/or causes of action are barred, in whole or in part, by the applicable statutes of limitation and/or repose." Griffith's Answer at 14. Liguria seeks to strike this affirmative defense on the ground that Griffith's assertion of this defense is conclusory and fails to provide the specific factual basis upon which this defense could possibly be applicable. Griffith points out that Iowa's statute of limitations for the two causes of action asserted against it here, breach of implied warranty for a particular purpose and breach of implied warranty of merchantability, is five years and that the events giving rise this lawsuit occurred in 2012 and 2013, well within that period.

Under Iowa law, a five-year statute of limitations governs actions for breach of implied warranty. *See Fell v. Kewanee Farm Equip. Co.*, 457 N.W.2d 911, 919 (Iowa 1990); *Richards v. Midland Brick Sales Co.*, 551 N.W.2d 649, 652 (Iowa App.1996) Such actions must be filed within five years after they accrue. IOWA CODE § 614.1(4).

9

Generally, actions for breach of implied warranty accrue when delivery is made, regardless of the lack of knowledge of the breach.[3] IOWA CODE § 554.2725(2).

Liguria brought this action on July 3, 2014. Therefore, all claims against Griffith that accrued before July 11, 2009 are time-barred by the statute of limitations. It is uncontested that in 2013, Liguria notified Griffith of complaints Liguria received, in late 2012 and 2013, regarding its products containing Griffith's preservatives. Complaint at ¶ 22; Answer at ¶ 22. The Complaint, however, is silent about the delivery date of Griffith's products. Thus, on this record, I cannot conclude that Griffith's statute of limitations defense fails as a matter of law. I find that Griffith has adequately stated its sixth affirmative defense, as required by Rule 8(c), to give Liguria sufficient notice of the nature of the defense, and that there are questions of fact that might allow the defense to succeed. Accordingly, the statute of limitations/repose defense will not be stricken and this portion of Liguria's motion is also denied.

### 4. *Seventh and eighth affirmative defenses-preemption by federal law/compliance with applicable statutes*

Liguria next moves to strike Griffith's seventh and eighth affirmative defenses. Griffith's alleges as its seventh affirmative defense that "Liguria's claims against Griffith may be barred in whole or in part and/or preempted by applicable federal law, with which

---

[3] Section 554.2725 states in pertinent part:

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.

IOWA CODE § 554.2725(2).

Griffith complied." Griffith's Answer at 14. Similarly, for its eighth affirmative defense, Griffith alleges that it "complied with all relevant applicable federal and state statutes and administrative regulations existing at the time of the events at issue in Liguria's Complaint." Griffith's Answer at 14. Liguria contends that these defenses are conclusory and inadequately pled. Specifically, Liguria argues that Griffith's preemption affirmative defense is insufficient because Griffith does not allege why Liguria's state law claims are preempted nor does Griffith identify what "federal law" it believes preempts Iowa common law in this area. Griffith does not respond to Liguria's arguments concerning these affirmative defenses.

Preemption is an affirmative defense that must be pled. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 714–715 (8th Cir. 2008). Griffith has not provided sufficient notice for either its seventh or eighth affirmative defenses because its Answer does not identify the applicable state or federal statutes or provide any factual basis for why Liguria's common law claims are preempted. *See Moore v. BASF Corp.*, No. 11-1001, 2012 WL 4794319, at *3 (E.D. La. Oct. 09, 2012) (striking statutory preemption defense where defendant failed to identify in its answer the federal or state law); *Lemery v. Duroso*, No. 4:09CV00167, 2009 WL 1684692, at *3 (E.D. Mo. June 16, 2009) (striking preemption defense because defendants could not rely on "their legal conclusion that Plaintiffs' cause of action is preempted" where defendant failed to allege it was preempted by federal statute). I, therefore, strike, with leave to amend, Griffith's seventh and eighth affirmative defenses.

### 5. *Ninth affirmative defense-failure to join indispensable parties*

Griffith's ninth affirmative defense asserts that Liguria has failed to join indispensable parties. Liguria argues Griffith has failed to not only identify the indispensable parties, but the role played by such parties which would give rise to their

11

being indispensable to this litigation. Griffith, again, fails to respond to Liguria's arguments regarding this affirmative defense.

Rule 19 defines a "required party" as a person in whose "absence, the court cannot accord complete relief among existing parties" or a person whose own interests would be adversely affected if he were not joined. FED. R. CIV. P. 19(a)(1). In this defense, Griffith fails to provide any details regarding the identity or role of the alleged indispensable party or parties. As such, Griffith's pleading of this defense is insufficient to provide sufficient notice. *See J&J Sports Prods., Inc. v. Ramirez Bernal*, No. 1:12-cv-01512-AWI-SMS, 2014 WL 2042120, at *4 (E.D. Cal. May 16, 2014) (striking affirmative defense of failure to join a "necessary and indispensable party" where answer failed to provide "any factual basis" for the defense); *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-cv-0093, 2013 WL 3876176, at *3 (S.D. Ohio July 26, 2013) (striking affirmative defense of failure to join indispensable parties where defendant "fail[ed] to identify any alleged indispensable party and utterly fail[ed] to explain why any such party cannot be joined."); *Vogel v. Linden Optometry APC*, 2013 WL 1831686, at * 4 (C.D. Cal. Apr. 30, 2013) (striking affirmative defense of failure to join indispensable parties because "this defense fails to allege any factual content whatsoever to provide Plaintiff fair notice."); *Security People, Inc. v. Classic Woodworking, LLC*, 2005 WL 645592, at *5 (N.D. Cal. Mar. 4, 2005) (striking affirmative defense of failure to join indispensable parties where defense "fails to allege the name of any party who must be joined."). Therefore, I also strike, with leave to amend, Griffith's ninth affirmative defense.

### III. CONCLUSION

For the reasons discussed above, I grant in part and deny in part plaintiff Liguria's motion to strike. Specifically, I deny Liguria's motion with respect to defendant

Griffith's first, second, and fifth affirmative defenses. I strike with leave to amend Griffith's seventh, eighth, and ninth affirmative defenses. If Griffith wishes to file an amended answer that is consistent with this order, it must do so no later than December 10, 2014.

**IT IS SO ORDERED**.

**DATED** this 13th day of November, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA