UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| LIGURIA FOODS, INC., | CASE NO. 14-cv-3041-MWB |
| Plaintiff, | |
| vs. | |
| GRIFFITH LABORATORIES, INC., | JOINT MOTION FOR PROTECTIVE ORDER |
| Defendant. | |

Plaintiff, Liguria Foods, Inc. and Defendant, Griffith Laboratories, Inc., jointly request that the Court grant a Protective Order in the form attached hereto. The parties have agreed that the attached Protective Order is reasonable and will facilitate discovery in this matter.

WHEREFORE, Plaintiff and Defendant request that the Court grant their Joint Motion for Protective Order in this matter and issue a Protective Order in the form attached.

DATED this 21st day of January, 2015.

                Respectfully submitted,

By:  */s/ Jeffery M. Heftman*
   David L. Reinschmidt, Esq.
   MUNGER, REINSCHMIDT & DENNE, L.L.P.
   Suite 303, Terra Centre
   600 4th Street
   Sioux City, IA 51102

   Rick A. Del Giudice, Esq.
   Jeffery M. Heftman, Esq.
   GOZDECKI, DEL GIUDICE, AMERICUS,
   FARKAS & BROCATO LLP
   One East Wacker Drive, Suite 1700
   Chicago, IL 60601
   ATTORNEYS FOR PLAINTIFF

By: /s/ John C. Gray

John C. Gray (AT0002938)
HEIDMAN LAW FIRM, LLP
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102-0386
Telephone: (712) 255-8838
Facsimile: (712) 258-6714
John.Gray@heidmanlaw.com

Christopher B. Wilson
ARDC No. 06202139
Randy A. Bridgeman
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
312.324.8400
Fax: 312.324.9603
CWilson@perkinscoie.com

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| LIGURIA FOODS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GRIFFITH LABORATORIES, INC., <br><br> Defendant. | No. 2014-CV-3041 |

## AGREED PROTECTIVE ORDER

The Court enters the following protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

1. Any party to this lawsuit or third party who, in this litigation, produces or discloses any confidential business records or information, confidential records or information, confidential trade secrets or proprietary information, financial information, or confidential personal information, whether it be in the form of a document, electronically stored information, tangible thing, testimony or other discovery material, may designate such material as "CONFIDENTIAL" under the terms of this Protective Order.

2. Confidential material shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as "CONFIDENTIAL" unless otherwise indicated by the designating party or third party. Electronic documents shall be designated "CONFIDENTIAL" in a similar manner, such as by creating an electronic field that is associated with a document and therein including the "CONFIDENTIAL" designation, or by including the "CONFIDENTIAL" designation in the

name of the electronic file. If a party inadvertently neglects to designate a document that it produces as "CONFIDENTIAL," such party may notify the other party of that error in writing, within thirty (30) days of the production of the document, and produce new versions of such documents properly marked "CONFIDENTIAL." The parties shall from then on accord all such identified documents "CONFIDENTIAL" treatment. Each receiving party shall take reasonable efforts to retrieve any and all copies of such documents it already disclosed or distributed in a manner that would have violated this Protective Order had the documents been marked "CONFIDENTIAL" when initially produced.

3. Any party or third party may also designate deposition testimony as "CONFIDENTIAL" by so indicating on the record during the deposition and/or by designating in writing portions of the deposition transcript as "CONFIDENTIAL" within five (5) days after the date of receipt of the deposition transcript. All deposition testimony given in this action shall be deemed "CONFIDENTIAL" for five (5) days after the date of receipt of the deposition transcript.

4. This Order is subject to modification by the Court.

5.. Any party objecting to the designation of materials as "CONFIDENTIAL"" under this Protective Order shall consult with the designating party or third party in an effort to resolve such objection. If no agreement is reached, the objecting party may move the Court for a determination of confidentiality or other protection under this Protective Order. On any such motion, the designating party or third party shall bear the burden for establishing the propriety of the designation. A party seeking to challenge the propriety of the designation of material as "CONFIDENTIAL" must do so within thirty (30) days of the production of the material, or within thirty (30) days of the entry of this Order.

6. Material designated as "CONFIDENTIAL" under this Protective Order, the

-2-

information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from such material shall be used solely for purposes of this action, *Liguria Foods, Inc., v. Griffith Laboratories, Inc.*, Case No. 2014-CV-3041 pending in the United District Court for the Northern District of Iowa, Western Division, its settlement, prosecution and defense, including all appeals, and shall not be used for any business or other purpose. The Court specifically prohibits any party to this action, their counsel, consultants or experts, or any third party to whom such information is disclosed as permitted herein, from producing or communicating any confidential material of any other party or third party to anyone other than as provided in this Protective Order. The Court specifically prohibits any counsel, their consultants or experts, or any third party to whom such information is disclosed as permitted herein, from producing or communicating any "CONFIDENTIAL" material of any other party or third party to anyone other than as provided in this Protective Order.

7. Material designated as "CONFIDENTIAL" under this Protective Order, the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from material designated as "CONFIDENTIAL" may be used or disclosed only to the following persons:

    (a)    Outside counsel of record in this action;

    (b)    Employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

    (c)    In-house counsel for any party, and any employees, officers, or directors of a party to this action who in-house or outside counsel for the receiving party reasonably and in good faith believes needs access to said documents and information for purposes of conducting this action or in order to comply with any orders of the Court in this action;

    (d)    Retained experts, advisors, consultants or the parties' insurers (including persons directly employed by such experts, advisors, consultants or insurers);

-3-

LEGAL124592651.2

Case 3:14-cv-03041-MWB-CJW   Document 25   Filed 01/21/15   Page 5 of 12

(e) During deposition or hearings, and in preparation for depositions or hearings, witnesses who appear reasonably likely to have relevant knowledge or information relating to the document or information designated as "Confidential" or to the specific events, transactions, or discussions referenced, provided that, if such witnesses are not employees of the designating party, they first are given a copy of this Order, are advised of the terms of this Order, are advised that they are bound by the terms of this Order, acknowledge on the record they have been advised that they are bound by the terms of this Order, and do not retain copies of any Confidential materials;

(f) Any court reporters and/or videographers retained to report or record a deponent's testimony taken in this litigation;

(g) Other litigation support vendors, such as copying services;

(h) The Court, Court personnel, and any Special Masters and/or Mediators appointed by the Court, under seal;

(i) Any other person so ordered by the Court or stipulated to by the designating party.

8. With the exception set forth in Paragraph 11, each person described in subparagraph 7(d), 7(e), 7(f), 7(g), and 7(i) shall, prior to receiving any material designated as "CONFIDENTIAL", be presented by the disclosing party with a copy of this Protective Order and shall execute an Agreement Concerning Confidentiality in the form of Attachment 1, agreeing to be bound by the terms of this Protective Order. All such persons shall be bound by the terms of this Protective Order, shall use designated material solely for purposes of this action, and shall not disclose or permit disclosure of the documents or the information contained therein other than pursuant to the terms of this Protective Order. Counsel for any party disseminating designated material to any such person shall maintain a copy of the Agreement Concerning Confidentiality of each such person.

9. Nothing contained in this order shall prevent or impair the use by a party of material designated "CONFIDENTIAL" or the information contained or reflected therein, in

proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or at any hearing, conference or trial before the Court, subject to the procedures and subject to the protections contained herein for such designated materials.

10. The parties and counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of material designated "CONFIDENTIAL", and shall be responsible for ensuring that each of their regularly employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting in this litigation and the proposed recipients of designated material are informed of the terms of this Protective Order and their obligations under it. The parties shall be responsible for ensuring that any partners, officers, directors and/or employees who receive designated material pursuant to this Protective Order use, disclose and permit disclosure of such material only in accordance with the terms of this Protective Order.

11. In the event that any designated material is used in any proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take all reasonable steps to maintain its confidentiality during such use.

12. This Protective Order shall not be deemed or construed to prohibit a party or third party from disclosing its own confidential material. Nor shall this Protective Order be deemed or construed to prohibit a party or third party (the "challenging party") from disclosing confidential material that: (a) was already a matter of public record or knowledge before its receipt in discovery; or (b) became a matter of public record or knowledge after its discovery through no act or omission of any non-producing party or their employees or agents; or (c) was obtained independently by the challenging party from a source that is not bound by a duty of confidentiality to the producing party (whether based on this protective order or otherwise).

LEGAL124592651.2

13. No disclosure of any information protected by the attorney-client privilege, work-product doctrine or other applicable privilege, doctrine or immunity shall be deemed as a waiver of any such privilege, doctrine or immunity if: (a) the disclosure was inadvertent; (b) the holder of the protection took reasonable steps to prevent inadvertent disclosure; and (c) the holder promptly took reasonable steps to rectify the inadvertent disclosure. In the event of such an inadvertent disclosure, the disclosing party shall notify the other party, who shall immediately return or destroy all copies of the information about which protection is asserted and all documents summarizing the information, including any individuals in subparagraph 7(d), 7(e), 7(f), 7(g), and 7(i). The return or destruction of such information shall not be deemed an admission that the information so returned is in fact protected and shall not shift any of the applicable burdens with respect thereto.

14. This Order shall survive the final termination of this action, to the extent that the information contained in designated material is not or does not become known to the public. Within sixty (60) days after final resolution of this action (whether by award, settlement or otherwise, including any appeals or expiration of time for appeal), counsel for the parties shall assemble and return to the providing party, or shall destroy, all documents and other materials designated as "CONFIDENTIAL", all copies of same, and all documents summarizing the information, including any such materials given to individuals identified in subparagraphs 7(d), 7(e), 7(f), 7(g), and 7(i). Destruction of material not returned shall be acknowledged in writing upon request.

15. Notwithstanding the return or destruction requirement of Paragraph 14 herein, outside counsel of record for each party may maintain in its files copies of work product, attorney-client communications, affidavits, affirmations, certifications, declarations, briefs, records on appeal, notices of motion, transcripts, exhibits, pleadings, discovery requests and

-6-

responses, stipulations, correspondence between counsel for the parties or any other document filed with the Court, consisting of or containing "CONFIDENTIAL" information.

16. Any disclosure or dissemination of any designated material in violation of this Protective Order by any person subject to this Protective Order shall entitle the aggrieved party to seek immediate relief with the Court.

17. Neither the agreement to, nor the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action or any other action. Nor shall this Protective Order be construed as a waiver by any party of any legally cognizable privilege to withhold any document or information, or of any right which any party may have to assert such privilege at any stage of the proceeding.

18. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial or arbitration. Nothing contained in this Protective Order shall affect the right, if any, of any party to make any other type of objection, claim, or other response to any discovery request or deposition question.

19. In the event that any party or its counsel receives a subpoena, demand or request to produce or disclose designated material outside the context of this lawsuit, such party or counsel shall, within five (5) business days after receipt of such subpoena, demand or request, or earlier if the time for production is less than ten (10) business days after receipt, send written notice to opposing counsel in this action of the identity of the person or entity making the demand or request and the date on which the designated material is to be produced or disclosed. The subpoena, demand or request shall be attached to the notice.

LEGAL124592651.2

Case 3:14-cv-03041-MWB-CJW   Document 25   Filed 01/21/15   Page 9 of 12

20. All notices given in accordance with this Order shall be delivered by hand, e-mail, facsimile or overnight mail.

ORDERED:

Date: _____      _____

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| LIGURIA FOODS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GRIFFITH LABORATORIES, INC., <br><br> Defendant. | No. 2014-CV-3041 |

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, hereby certify that:

1. I have read the Agreed Protective Order entered in the above-captioned litigation, and understand its terms.

2. I agree to be bound by the terms of the Agreed Protective Order entered in the above-captioned litigation. I agree to use the "CONFIDENTIAL" information provided to me only for the purpose of the above-captioned litigation.

3. I understand that my failure to abide by the terms of the Agreed Protective Order entered in the above-captioned litigation may subject me, without limitation, to sanctions.

4. I make this Agreement Concerning Confidentiality this ___ day of _____, 201_.

_____
SIGNATURE

_____
NAME

Dated: January 16, 2015

Respectfully submitted,

GRIFFITH LABORATORIES, INC.

By: _____
One of Its Attorneys


LIGURIA FOODS, INC.

By: _____
One of Its Attorneys

-10-

LEGAL124592651.2