# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| LIGURIA FOODS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GRIFFITH LABORATORIES, INC., <br><br> Defendant. | No. 4:14-CV-3041-MWB <br><br> **ORDER** |

## I.   INTRODUCTION

This case is before me on a motion (Doc. No. 27) by Liguria Foods, Inc. (Liguria), to compel the production of documents and information from defendant Griffith Laboratories, Inc. (Griffith). Griffith has filed a resistance (Doc. No. 29) and Liguria has filed a reply (Doc. No. 30). I find that oral argument is not necessary. *See* N.D. Ia. L.R. 7(c). The motion is fully submitted and ready for discussion.

## II.   BACKGROUND

This case arises from the sale of pepperoni spice mix (Pepp Spice) from Griffith to Liguria, which Liguria then used in its line of pepperoni products. Griffith manufactured the mix specifically for Liguria and packaged it in 33-pound bags referred to as "Pepp Spice Blocks." Liguria claims that as a result of Griffith's "failure to provide spice formulas containing appropriate amounts of specific antioxidant preservatives, Liguria's pepperoni products suffered from early oxidation, discoloration and spoilage, leading to significant product return and withdrawal costs, as well as customers' cancellation of a number of long-standing accounts, resulting in tens of millions of dollars in lost sales and profits." Doc. No. 1 at 1. In short, Liguria claims that the Pepp Spice

mix supplied by Griffith was defective and caused spoilage, which led to economic damages.

Liguria filed its complaint (Doc. No. 1) on July 3, 2014, asserting claims of (1) breach of implied warranty of fitness for a particular purpose and (2) breach of implied warranty of merchantability. On August 29, 2014, Griffith filed its answer and affirmative defenses (Doc. No. 10). On November 4, 2014, I approved and entered (Doc. No. 21) the parties' joint proposed scheduling order and discovery plan (the Scheduling Order). The Scheduling Order established September 30, 2015, as the deadline for fact discovery and April 15, 2016, as the deadline for expert discovery.

On December 22, 2014, Griffith served responses and objections (Doc. No. 28-1) to interrogatories and document requests previously propounded by Liguria. After Liguria expressed dissatisfaction with Griffith's responses, some supplementation occurred. After various discussions, the parties narrowed their dispute to eight document requests and one interrogatory.

### III. ANALYSIS

#### A. *Applicable Standards*

The rules of procedure concerning discovery in a civil action "are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Marook v. State Farm Mut. Auto. Ins. Co.*, 259 F.R.D. 388, 394 (N.D. Iowa 2009) (quoting *Rolscreen Co. v. Pella Prods.*, 145 F.R.D. 92, 94 (S.D. Iowa 1992)). Thus, a party generally may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). The scope of permissible discovery is broader than the scope of admissibility. *See, e.g., Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Nonetheless, there must be at least a "threshold showing of relevance" before parties "are required to open wide the doors of discovery and to produce a variety of information which does not

reasonably bear upon the issues in the case." *Id.* A party resisting discovery on the basis of relevance bears the burden of establishing the lack of relevance. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000). In addition, discovery must be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2)(C). The party alleging undue burden must demonstrate that the burden of producing the requested information would outweigh its beneficial value. *St. Paul*, 198 F.R.D. at 511.

Parties to civil litigation have a duty to provide true, explicit, responsive, complete and candid answers to discovery. *See, e.g.,* Fed. R. Civ. P. 26(g); *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 609-10 (D. Neb. 2001) (citing *Dollar v. Long Mfg. N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977)). Counsel have a continuing duty to advise their clients of their duty to make honest, complete, non-evasive discovery disclosures, as well as the spectrum of sanctions they face for violating that duty. *Wagner,* 208 F.R.D. at 610. With regard to requests for the production of documents, a court may, when appropriate, order a party to verify that either (a) no responsive documents exist or, if they do exist, (b) they have all been produced. *Id.* (citing *In re Control Data Corp. Sec. Litig.,* No. 3-85-1241, 1988 WL 92085 at **6–7 (D. Minn. Feb. 22, 1988)).

### B. Discussion

Liguria seeks additional information in response to its document request numbers 4, 6, 7, 8, 13, 20, 21 and 26, and its interrogatory number 5. I will address these discovery requests individually.

#### 1. *Document Request No. 4*

This request seeks documents relating to the manufacture of Pepp Spice, including batch records, manufacturing records, batch sizes, production run records, documents identifying the industrial mixers used for each batch, actual mixing time for each batch and documents evidencing the number of Pepp Spice Blocks generated from each

3

production run. Griffin states that all documents responsive to this request have been produced. In its reply, Liguria contends that Griffith has purged these documents, that Griffith does not dispute the records were generated and maintained in the ordinary course of Griffith's business operations and that federal regulations impose document retention requirements. Doc. No. 30 at 3 (citing 21 C.F.R. §§1.326-1.360).

Liguria is correct that regulations promulgated pursuant to the Food and Drug Act require nontransporters (such as Griffith) to keep and retain certain records. *See* 21 C.F.R. § 1.337. Liguria contends (without analysis) that Griffith was therefore required to keep batch records, manufacturing records, batch sizes, production run records, documents identifying industrial mixers used for each batch, actual mixing time for each batch and documents evidencing the number of items generated from each production run. The regulation Liguria cites, however, states as follows:

> (a) If you are a nontransporter, you must establish and maintain the following records for all food you receive:
>
> (1) The name of the firm, address, telephone number and, if available, the fax number and e-mail address of the nontransporter immediate previous source, whether domestic or foreign;
>
> (2) An adequate description of the type of food received, to include brand name and specific variety (e.g., brand x cheddar cheese, not just cheese; or romaine lettuce, not just lettuce);
>
> (3) The date you received the food;
>
> (4) For persons who manufacture, process, or pack food, the lot or code number or other identifier of the food (to the extent this information exists);
>
> (5) The quantity and how the food is packaged (e.g., 6 count bunches, 25 pound (lb) carton, 12 ounce (oz) bottle, 100 gallon (gal) tank); and
>
> (6) The name of the firm, address, telephone number, and, if available, the fax number and e-mail address of the transporter immediate previous source (the transporter who transported the food to you).

21 C.F.R. § 1.337. This list of required records is not as extensive as Liguria suggests.

Regardless of any regulatory requirements, Liguria contends that Griffith did, in fact, keep the requested records in the ordinary course of its business operations. Liguria's Exhibits C, D and E (Doc. Nos. 28-3, 28-4 and 28-5) appear to support this claim. For example, Exhibit E appears to describe an internal investigation carried out by Griffith that includes information concerning the colors of mixes, shipment dates, order numbers and the result of a field test sample.

I find that Liguria has made a showing that Griffith is likely to have additional documents that are responsive to document request no. 4. Of course, if it is true that no additional documents exist, then they cannot be produced. Nonetheless, I will grant the motion to compel as to this request by requiring Griffith to make an additional search, as described further at the end of this order.

### 2. *Document Request No. 6*

This request seeks documents relating to Griffith's purchase of BHA and/or BHT which was subsequently incorporated into the Pepp Spice. Griffith argues that it does not purchase BHA or BHT specifically for Liguria and, therefore, compliance with the request would require the production of all bulk purchases, including those that do not relate to Liguria's claim. While I understand Griffith's point, it is not a valid basis to deny discovery. Griffith does not claim that producing these records would constitute an undue burden. Nor has it met its burden of establishing lack of relevance. I will grant the motion to compel as to this request.

### 3. *Document Request No. 7*

This request seeks documents related to the purchase of Pepp Spice by Liguria from Griffith. Griffith objected on grounds that the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidenced. Griffith has failed to meet its burden with regard to these objections. It has

not even attempted to demonstrate undue burden. As for the alleged lack of relevance, the fact that Griffith's Pepp Spice is directly at issue in this case makes this objection impossible to defend. And, indeed, Griffith has not even attempted to do so. Instead, it now argues that the requested records are "equally available to Liguria." Doc. No. 29 at 4.

A party is entitled to object on grounds that the information sought can be obtained from some other source that is more convenient. *See* Fed. R. Civ. P. 26(b)(2)(C). However, Griffith did not include that objection in its written response to this request. Doc. No. 28-1 at 4-5. As such, it has been waived. *See* Fed. R. Civ. P. 34(b)(2). Moreover, Liguria has provided a plausible explanation as to why a comparison of Griffith's records to those maintained by Liguria might be relevant. Doc. No. 28 at 8; Doc. No. 30 at 4. I will grant the motion to compel as to this request.

### 4. *Document Request No. 8*

This request seeks documents relating to the number of Pepp Spice Blocks produced per individual production run of Pepp Spice. As with document request no. 4, Griffith contends that it has produced any responsive documents in its possession or control. Again, however, I find Liguria has shown that Griffith is likely to have additional responsive documents. I will grant the motion to compel as to this request by requiring Griffith to make an additional search, as described further at the end of this order.

### 5. *Document Request No. 13*

This request seeks documents that refer or relate to the pre-mixing of Pepp Spice ingredients, the actual mixing time of Pepp Spice and batch sizing. Again, Griffith contends that it has produced any responsive documents in its possession or control. Nonetheless, I find Liguria has shown that Griffith is likely to have additional responsive

documents. *See* Ex. E. I will grant the motion to compel as to this request by requiring Griffith to make an additional search, as described further at the end of this order.

### 6. *Document Request No. 20*

This request seeks documents that relate to any changes in Griffith's manufacturing process for Pepp Spice. Griffith again states that it has produced any responsive documents. Liguria contends that Griffith acknowledged, before this lawsuit was filed, that it made changes to its process but has produced no documents concerning those changes. I find Liguria has shown that Griffith is likely to have additional responsive documents. I grant the motion to compel as to this request by requiring Griffith to make an additional search, as described further at the end of this order.

### 7. *Document Request No. 21*

This request seeks user instructions and manuals, including, operating instructions, user manuals or warnings with respect to batch size and/or mix time, for all mixers used by Griffith to manufacture Pepp Spice. Liguria states that Griffith has produced no responsive documents and has provided evidence suggesting that such documents should exist. *See* Ex. D. In its resistance, Griffith states that it "is willing to search for and produce any relevant 'user manuals,'" at least to the extent that they "are not publicly available and therefore equally available to Liguria." Doc. No. 29 at 4 n.1. While that's very kind, it does not go far enough. Griffith has not met its burden of establishing any of the boilerplate objections it asserted with regard to this request (overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence). I will grant the motion to compel as to this request.

### 8. *Document Request No. 26*

This request seeks insurance policies that might be applicable to Liguria's claims. Griffith's resistance states that Griffith has produced those policies as pages GLAB 201

through 2297 of its production. Liguria does not dispute this in its reply. As such, I find that an order compelling discovery as to this request is not necessary because it appears to be undisputed that Griffith has complied.

### 9. *Interrogatory No. 5*

This interrogatory asked Griffith to identify all mixers that it used to manufacture Pepp Spice and to state the volume or weight capacity of each. In its resistance, Griffith states that it will provide a supplemental interrogatory answer if it can locate a witness who is knowledgeable about these issues. In its reply, Liguria noted that the supplemental answer has not yet been served. Because Griffith does not deny that this information is discoverable, I will grant the motion to compel as to this request. Griffith must provide a supplemental answer, under oath, that either provides all of the requested information or certifies that some or all of the information is not available.

## IV. CONCLUSION

For the reasons set forth herein, Liguria's motion (Doc. No. 27) to compel is **granted** in part and **denied** in part:

1. The motion is **granted** as follows:

    a. With regard to Liguria's document request numbers 4, 8, 13 and 20, Griffith must make an additional, comprehensive search of all documents within its possession, custody or control to locate any responsive materials that have not yet been produced. On or before **September 14, 2015**, Griffith shall serve supplemental written responses to each of those requests based on the results of that search. For each request, the supplemental response shall state whether Griffith located additional responsive documents, not previously produced, in its possession, custody or control. If so, those additional documents must be served with the supplemental written responses. If Griffith located no additional, responsive documents with regard to a particular request, the supplemental response shall expressly so state. Griffith is hereby advised that its supplemental responses to these requests will be final and binding.

This means, for example, that the supplemental responses could form the basis of serious sanctions if it is later determined that Griffith, through negligent, reckless or intentional conduct, failed to produce responsive documents that were within its possession, custody or control.

  b. With regard to Liguria's document request numbers 6, 7 and 21, Griffith shall provide full and complete supplemental responses, along with all responsive documents, not previously produced, on or before **September 14, 2015**.

  c. With regard to Liguria's interrogatory number 5, Griffith shall provide a full and complete supplemental answer on or before **September 14, 2015**.

2. The motion is **denied** as to Liguria's document request number 26.

**IT IS SO ORDERED.**

**DATED** this 24th day of August, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE