# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| LIGURIA FOODS, INC., <br><br> Plaintiff, <br> vs. <br><br> GRIFFITH LABORATORIES, INC., <br><br> Defendant. | No. C 14-3041-MWB <br><br><br> **ORDER TO SHOW CAUSE WHY COUNSEL FOR BOTH PARTIES SHOULD NOT BE SANCTIONED FOR DISCOVERY ABUSES** and **DIRECTIONS FOR FURTHER BRIEFING** |

_____

## I. ORDER TO SHOW CAUSE

Every attorney for the parties who signed a response to interrogatories or a response to a request for documents in this case, with the exception of local counsel, **shall appear and show cause, at the hearing previously scheduled for 9:00 a.m. on March 7, 2017,** why he should not be sanctioned for discovery abuses. Any attorney not arguing defendant Griffith's January 12, 2017, Motion To Address Possible Discovery Abuses (docket no. 104) may appear *by telephone* for the "show cause" portion of the hearing. Any attorney wishing to appear by telephone must provide my Judicial Assistant, Jennifer Gill (712-233-3909 or Jennifer_gill@iand.uscourts.gov) with contact information not later than March 3, 2017. The discovery responses that I suspect or believe are abusive and/or not in compliance with the applicable rules, but mere "boilerplate" objections, are listed in the following table:

| Suspect Objections To Discovery Requests |||
| --- | --- | --- |
| **Objection** | **Response** | **Rule(s) Possibly Violated** |
| PL: "to the extent they seek to impose obligations on it beyond those imposed by the Federal Rules of Civil Procedure ** or any other applicable rules or laws"<br><br>DF: "to the extent that it purports to impose obligations . . . beyond those required by the Federal Rules of Civil Procedure" | **Pl's Ans. To Df's 1st Set (#116), Gen. Obj.** 1<br>**Pl's Ans. To Df's 2nd Set (#117), Gen. Obj.** 1<br><br>**Df's Ans. To Pl's 1st Set (#118, Tab A), Gen. Obj.** 3<br>**Df's Ans. To Pl's 2nd Set (#118, Tab B), Gen. Obj.** 3<br>**Df's Ans. To Pl's 4th Set (#118, Tab F), Gen. Obj.** 3<br>**Df's Ans. To Pl's 5th Set (#118, Tab G), Gen. Obj.** 3<br>**Df's Ans. To Pl's 3rd Set (#118, Tab H), Gen. Obj.** 3 | Rules 33(b)(4), 34(b)(2)(B) |
| PL: "to the extent they call for documents protected by the attorney-client privilege, the work product rule, or any other applicable privilege"<br><br>DF: "to the extent they seek information that is protected from discovery under the attorney-client privilege, the attorney work-product doctrine or is otherwise privileged or protected from disclosure" | **Pl's Ans. To Df's 1st Set (#116), Gen. Obj.** 4<br>**Pl's Ans. To Df's 2nd Set (#117), Gen. Obj.** 4<br><br>**Df's Ans. To Pl's 1st Set (#118, Tab A), Gen. Obj.** 1<br>**Df's Ans. To Pl's 2nd Set (#118, Tab B), Gen. Obj.** 1<br>**Df's Ans. To Pl's 4th Set (#118, Tab F), Gen. Obj.** 1<br>**Df's Ans. To Pl's 5th Set (#118, Tab G), Gen. Obj.** 1<br>**Df's Ans. To Pl's 3rd Set (#118, Tab H), Gen. Obj.** 1 | Rule 26(b)(5) |

| Suspect Objections To Discovery Requests |||
|---|---|---|
| **Objection** | **Response** | **Rule(s) Possibly Violated** |
| PL: "to the extent they request the production of documents that are not relevant, are not reasonably calculated to lead to the discovery of admissible evidence or are not within their possession, custody and control" | **Pl's Ans. To Df's 1st Set (#116), Gen. Obj.** 5<br>**Pl's Ans. To Df's 2nd Set (#117), Gen. Obj.** 5 | Rules 33(b)(4), 34(b)(2)(B) |
| PL: "insofar as they seek information that is confidential or proprietary"<br><br>DF: "to the extent they seek the disclosure of trade secrets, or confidential or proprietary information without the entry of an appropriate protective order" | **Pl's Ans. To Df's 1st Set (#116), Gen. Obj.** 6<br>**Pl's Ans. To Df's 2nd Set (#117), Gen. Obj.** 6<br><br>**Df's Ans. To Pl's 1st Set (#118, Tab A), Gen. Obj.** 6<br>**Df's Ans. To Pl's 2nd Set (#118, Tab B), Gen. Obj.** 6<br>**Df's Ans. To Pl's 4th Set (#118, Tab F), Gen. Obj.** 7<br>**Df's Ans. To Pl's 5th Set (#118, Tab G), Gen. Obj.** 6<br>**Df's Ans. To Pl's 3rd Set (#118, Tab H), Gen. Obj.** 6 | Rule 26(b)(5) |

3

| Suspect Objections To Discovery Requests |||
| :---: | :---: | :---: |
| **Objection** | **Response** | **Rule(s) Possibly Violated** |
| PL: "to the time period defined in the Document Requests and Interrogatories as overbroad and not reasonably calculated to lead to the discovery of admissible evidence"<br><br>DF: Similar objection concerning "burdensomeness," adding, "[The request] is not limited to a reasonable time frame [and so is] overly broad and unduly burdensome. Plaintiff purports to seek information for all periods from January 1, 2009 to the present." | **Pl's Ans. To Df's 1st Set (#116), Gen. Obj.** 7<br>**Pl's Ans. To Df's 2nd Set (#117), Gen. Obj.** 7<br><br><br>**Df's Ans. To Pl's 1st Set (#118, Tab A), Gen. Obj.** 5<br>**Df's Ans. To Pl's 2nd Set (#118, Tab B), Gen. Obj.** 5<br>**Df's Ans. To Pl's 4th Set (#118, Tab F), Gen. Obj.** 5<br>**Df's Ans. To Pl's 5th Set (#118, Tab G), Gen. Obj.** 5<br>**Df's Ans. To Pl's 3rd Set (#118, Tab H), Gen. Obj.** 5 | Rules 33(b)(4), 34(b)(2)(B) |
| DF: "the defined term 'Liguria Related Documents' as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence" and "to the extent it seeks to impose an obligation to retain every document related in any way to Liguria" | **Df's Ans. To Pl's 2nd Set (#118, Tab B), Gen. Obj.** 7 | Rules 33(b)(4), 34(b)(2)(B) |

| Suspect Objections To Discovery Requests |||
|---|---|---|
| **Objection** | **Response** | **Rule(s) Possibly Violated** |
| PL: "subject to [and without waiving] its [general] objections" | **Pl's Ans. To Df's 1st Set (#116), Interrogs.** 1, 5-7, 10(1), 11, 12, 14, 15, 18-20<br>**Pl's Ans. To Df's 1st Set (#116), Doc. Reqs.** 1-7, 12-15, 19, 21-26<br>**Pl's Ans. To Df's 2nd Set (#117), Interrogs.** 21, 22, 25<br>**Pl's Ans. To Df's 2nd Set (#117), Doc. Reqs.** 27-29, 31-33 | Rules 33(b)(4), 34(b)(2)(B) |
| DF: "Subject to and without waiving its general and specific objections" | **Df's Ans. To Pl's 1st Set (#118, Tab A), Doc. Reqs.** 1-20, 22, 26<br>**Df's Ans. To Pl's 1st Set (#118, Tab A), Interrogs.** 1-6<br>**Df's Ans. To Pl's 2nd Set (#118, Tab B), Doc. Reqs.** 1-8<br>**Df's Ans. To Pl's 2nd Set (#118, Tab B), Interrogs.** 1-4<br>**Df's Ans. To Pl's 4th Set (#118, Tab F), Interrogs.** 1, 2<br>**Df's Ans. To Pl's 5th Set (#118, Tab G), Gen. Obj.** 1, 2, 4-9<br>**Df's Ans. To Pl's 3rd Set (#118, Tab H), Doc. Reqs.** 1 | |

5

| Suspect Objections To Discovery Requests |||
| --- | --- | --- |
| Objection | Response | Rule(s) Possibly Violated |
| PL: "overbroad, unduly burdensome" | **Pl's Ans. To Df's 1st Set (#116), Interrogs.** 2, 5-7, 10(2), 12, 18-20<br>**Pl's Ans. To Df's 1st Set (#116), Doc. Reqs.** 1, 7,[1] 12, 14, 16, 18, 20<br>**Pl's Ans. To Df's 2nd Set (#117), Interrogs.** 21-23, 25<br>**Pl's Ans. To Df's 2nd Set (#117), Doc. Reqs.** 27-33 | Rules 33(b)(4), 34(b)(2)(B) |
| DF: frequently stated, "and depending on the meaning [of an allegedly vague term] may also be overly broad, [and] unduly burdensome," but sometimes without any limitation | **Df's Ans. To Pl's 1st Set (#118, Tab A), Doc. Reqs.** 4, 6-22<br>**Df's Ans. To Pl's 1st Set (#118, Tab A), Interrogs.** 1, 2, 4-6<br>**Df's Ans. To Pl's 2nd Set (#118, Tab B), Doc. Reqs.** 1-8<br>**Df's Ans. To Pl's 2nd Set (#118, Tab B), Interrogs.** 5, 6<br>**Df's Ans. To Pl's 3rd Set (#118, Tab H), Doc. Reqs.** 1 | |

---

[1] Liguria's Ans. To Df's 1st Set (#116), Doc. Req. 7 does add, presumably as an explanation of overbreadth, "Request No. 7 seeks all communications between Liguria representatives and any distributor of Pepp Spice, without regard to the subject matter of the requested communication."

| Suspect Objections To Discovery Requests |||
|---|---|---|
| **Objection** | **Response** | **Rule(s) Possibly Violated** |
| PL: "not reasonably calculated to lead to the discovery of admissible evidence" | **Pl's Ans. To Df's 1st Set (#116), Interrogs.** 2, 12, 19, 20<br>**Pl's Ans. To Df's 1st Set (#116), Doc. Reqs.** 1, 7, 14, 16, 18, 20<br>**Pl's Ans. To Df's 2nd Set (#117), Interrogs.** 21-23,[2] 25<br>**Pl's Ans. To Df's 2nd Set (#117), Doc. Reqs.** 27-33 | Rules 33(b)(4), 34(b)(2)(B) |
| DF: frequently stated, "and depending on the meaning [of an allegedly vague term] may also be . . . not reasonably calculated to lead to the discovery of admissible evidence," but sometimes without any limitation | **Df's Ans. To Pl's 1st Set (#118, Tab A), Doc. Reqs.** 4, 6-22<br>**Df's Ans. To Pl's 1st Set (#118, Tab A), Interrogs.** 1, 2, 4-6<br>**Df's Ans. To Pl's 2nd Set (#118, Tab B), Doc. Reqs.** 1-8<br>**Df's Ans. To Pl's 2nd Set (#118, Tab B), Interrogs.** 5, 6<br>**Df's Ans. To Pl's 3rd Set (#118, Tab H), Doc. Reqs.** 1 | |

---

[2] Liguria's Ans. To Df's 2nd Set (#118) Interrog. 23 does add, presumably as an explanation of overbreadth, "to the extent it purports to seek studies which 'evaluate the effectiveness' of mixers used by Liguria."

7

| Suspect Objections To Discovery Requests |||
|---|---|---|
| **Objection** | **Response** | **Rule(s) Possibly Violated** |
| PL: "as the term(s) [X and Y] are not defined"<br>PL: (Similar) "[to a term or terms] as vague and ambiguous, insofar as it presupposes that Griffith provided [information about its own procedures to Liguria for its review] | **Pl's Ans. To Df's 1st Set (#116), Interrogs.** 2<br>**Pl's Ans. To Df's 1st Set (#116), Interrogs.** 11 | Rules 33(b)(4), 34(b)(2)(B) |
| DF: "to the [undefined] term [Z] as vague and ambiguous [or confusing]"[3] (sometimes adding that the term in question "is not a term used by or known to Griffith") | **Df's Ans. To Pl's 1st Set (#118, Tab A), Doc. Reqs.** 3, 5, 9-13, 15-17, 19, 20, 25<br>**Df's Ans. To Pl's 1st Set (#118, Tab A), Interrogs.** 4<br>**Df's Ans. To Pl's 4th Set (#118, Tab F), Interrogs.** 1, 2<br>**Df's Ans. To Pl's 5th Set (#118, Tab G), Interrogs.** 2, 4-9 | |
| PL: "as discovery remains ongoing and Griffith [has failed to respond to Liguria's discovery requests]" | **Pl's Ans. To Df's 1st Set (#116), Interrogs.** 3, 4 | Rule 26(d) |

---

[3] Interestingly, in Df's Ans. To Pl's First Set (#118, Tab A), Doc. Req. 3, Griffith identifies "communications" as "vague and ambiguous," but Griffith used that term in its own 1st Request For Documents, for example, in Request No. 9, and other discovery requests.

8

| Suspect Objections To Discovery Requests |||
|---|---|---|
| **Objection** | **Response** | **Rule(s) Possibly Violated** |
| PL: "as discovery remains ongoing and Liguria reserves the right to [supplement]" | **Pl's Ans. To Df's 1st Set (#116), Interrogs.** 9, 10(1) | Rule 26(d) |
| DF: "as premature. Discovery in this matter has only recently commenced and Griffith's investigation is continuing." | **Df's Ans. To Pl's 1st Set (#118, Tab A), Doc. Reqs.** 22-24<br>**Df's Ans. To Pl's 1st Set (#118, Tab A), Interrogs.** 1, 2, 4, 6 | |
| PL: "as calling for the disclosure of information subject to the attorney-client privilege and/or work product immunity doctrine" | **Pl's Ans. To Df's 1st Set (#116), Interrogs.** 14, 15<br>**Pl's Ans. To Df's 1st Set (#116), Doc. Reqs.** 5, 6, 17 | Rule 26(b)(5) |
| DF: "seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine" | **Df's Ans. To Pl's 1st Set (#118, Tab A), Doc. Reqs.** 3-5, 10-12<br>**Df's Ans. To Pl's 1st Set (#118, Tab A), Interrogs.** 3<br>**Df's Ans. To Pl's 2nd Set (#118, Tab B), Interrogs.** 1-4<br>**Df's Ans. To Pl's 5th Set (#118, Tab G), Interrogs.** 1 | |
| PL: "requests the production of confidential and proprietary information of non-parties" | **Pl's Ans. To Df's 2nd Set (#117), Interrogs.** 21 | Rule 26(b)(5) |

I may impose sanctions including, but not necessarily limited to, a monetary penalty payable to the court's "Attorney Admission Fund"; an offending attorney's

9

payment for and attendance at a seminar, pre-approved by the court, on proper and improper discovery methods and responses; an offending attorney writing an article, approved by the court, for submission for publication in a bar journal, on proper and improper discovery methods and responses; and/or such other sanctions as the parties may suggest and that I may find appropriate under all of the circumstances.

## II. FURTHER BRIEFING ON SANCTIONS FOR DISCOVERY ABUSES

The parties are directed to submit, **not later than February 28, 2017,** briefs in response to this Show Cause Order addressing the following matters:

1. Whether each of the discovery responses by that party identified in the table above is or is not a violation of the rule cited or otherwise an abuse of discovery, and

2. If any responses identified in the table, above, are discovery abuses, the appropriate sanction or combination of sanctions that is appropriate for an offending attorney.

## III. FURTHER BRIEFING ON NON-DISCLOSURE OF "KEY" DOCUMENT

The parties are directed to submit, **not later than February 28, 2017,** supplemental briefs on defendant Griffith's January 12, 2017, Motion To Address Possible Discovery Abuses (docket no. 104) addressing the following matters:

1. If I determine that the "Seavey Report" was an important or "key" document that should have been produced in response to Griffith's discovery requests, and I find that the non-disclosure was in bad faith or intentional, what *sanctions* are appropriate, including

    (a) dismissal of Liguria's claims, pursuant to the court's inherent authority, or

(b) if dismissal is too harsh a sanction, what other sanction or combination of sanctions, such as exclusion or admission of evidence or arguments, payment of attorney fees, or a monetary penalty, is appropriate under the court's inherent authority or the Federal Rules of Civil Procedure.

2. If I determine that the "Seavey Report" should have been disclosed, what *specific remedies* Griffith is seeking, such as further depositions or other discovery, to eliminate any prejudice from the non-disclosure.

**IT IS SO ORDERED**.

**DATED** this 27th day of January, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA