# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| LIGURIA FOODS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GRIFFITH LABORATORIES, INC., <br><br> Defendant. | No. C 14-3041-MWB <br><br> **OPINION AND ORDER REGARDING LIGURIA'S MOTIONS IN LIMINE** <br><br> *FILED UNDER SEAL* |

This case is set for a jury trial on May 1, 2017. In anticipation of trial, Liguria has filed its First Motion In Limine, concerning the so-called "Seavey emails" and "Seavey Report," and has renewed its January 10, 2017, Second Motion In Limine (To Bar The Testimony Of Francis X. Burns). Griffith filed its Resistances to both motions on April 3, 2017.

Liguria's First Motion In Limine is **denied** as to exclusion of the "Seavey emails" and the "Seavey Report." Liguria hired Seavey to perform an investigation and provide the "Seavey Report," and then adopted and used it in its business. It is plainly an admissible business record. *See* FED. R. EVID. 801(d)(2)(D). Similarly, although neither Seavey nor Singh was hired to produce the emails in question, responding to requests from businesses for opinions and observations like those presented in the emails, even as a "courtesy," was part of Seavey's and Singh's regular course of business, just as Liguria has repeatedly admitted that it routinely and customarily made such requests to various experts in the regular course of its business. Moreover, Liguria received, highlighted, forwarded, considered as trustworthy, and acted on the recommendations in those emails.

The emails are, likewise, admissible as business records. *Id.* There is no undue prejudice outweighing the admissibility of this evidence, pursuant to Rule 403 of the Federal Rules of Evidence, where Liguria, not Griffith, must prove causation, but Griffith is entitled to present evidence suggesting that there were flaws in Liguria's handling of materials and manufacturing processes potentially affecting *all* of Liguria's products, that could also have caused the premature rancidity at issue in this case. The only part of Liguria's First Motion that is **granted** is Liguria's request that Griffith be barred from presenting any arguments, assertions, or evidence related, directly or indirectly, to the facts, circumstances, and timeliness of the production of the Seavey Report. Any such argument or evidence is more prejudicial than probative. *See* FED. R. EVID. 403.

Liguria's Second Motion In Limine is **denied**. I am satisfied that Mr. Burns's opinions satisfy the requirements of Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). While Liguria's criticisms of Mr. Burns's opinions suggest bases for cross-examination, they do not demonstrate grounds for exclusion. "'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *United States v. Vesey*, 338 F.3d 913, 917 (8th Cir. 2003).

THEREFORE,

1. Liguria's March 27, 2017, First Motion In Limine (docket no. 147) is **denied** as to exclusion of the "Seavey emails" and the "Seavey Report," but **granted** to the extent that Griffith is barred from presenting any arguments, assertions, or evidence related, directly or indirectly, to the facts, circumstances, and timeliness of the production of the Seavey Report.

2. Liguria's January 10, 2017, Second Motion In Limine (docket no. 100), renewed on March 27, 2017 (docket no. 146), is **denied** in its entirety.

IT IS FURTHER ORDERED that, to avoid exposure of potential jurors to information about challenged evidence, this ruling shall be sealed until ten days after completion of the trial or notice of any settlement, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed.

**IT IS SO ORDERED**.

**DATED** this 7th day of April, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA